UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| JEFFREY KORHONEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-1262 |
| | ) |
| GREEN SQUARE COMPANY LLC; and | ) |
| JOEY M. YOUNGER, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JEFFREY KORHONEN ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER ("Green Square" and "Younger" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred

1

in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Minneapolis, Hennepin County, State of Minnesota.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Each Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. Green Square is a New York limited liability company and national collection agency headquartered in the Village of East Aurora, Erie County, State of New York.

11. Younger is a natural person and debt collector residing in the City of Buffalo, Erie County, State of New York.

12. The principal purpose of Green Square's business is the collection of debts allegedly owed to third parties.

13. Green Square regularly collects, or attempts to collect, debts allegedly owed to third parties

14. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of their attempts to collect consumer debts, Defendants send to alleged

debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *Jeffrey Korhonen v. Green Square Company, LLC*

20. Green Square is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a Wisconsin Title Loan.

21. The alleged debt at issue arises from transactions for personal, family, and household purposes.

22. Green Square places collection calls to Plaintiff on Plaintiff's cellular telephone at 612-876-1355 in an attempt to collect the alleged debt.

23. Plaintiff has answered Green Square's collection calls and spoken with Green Square.

24. As of December 2020, Green Square had located and communicated with Plaintiff.

25. In or around December 2020, despite Green Square having already located and communicated with Plaintiff, Green Square started placing collection calls to Plaintiff's son.

26. Green Square places collection calls to Plaintiff's son on Plaintiff's son cellular telephone at 612-227-1456 in an attempt to collect the alleged debt from Plaintiff.

27. On December 8, 2020, Plaintiff's son answered a collection call from Green Square.

28. During the above-referenced collection call, Green Square's debt collector disclosed to

Plaintiff's son that Plaintiff allegedly owed a debt.

29. Green Square has called Plaintiff's son several times thereafter.

30. Green Square's above-referenced actions were a calculated attempt to embarrass and coerce Plaintiff into payment of the alleged debt.

31. The natural consequences of Green Square's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

32. The natural consequences of Green Square's actions was to produce an unpleasant and/or hostile situation between Green Square and Plaintiff.

33. The natural consequences of Green Square's actions was to cause Plaintiff mental distress.

### *Jeffrey Korhonen v. Joey M. Younger*

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-33 herein, with the same force and effect as if the same were set forth at length herein.

35. Younger is the owner of Green Square.

36. Younger is the managing member of Green Square.

37. At all relevant times, acting alone or in concert with others, Younger has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Green Square, and its employees, including the acts and practices set forth in this Complaint.

38. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

39. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the

FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats and realleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

41. Defendants violated the FDCPA as follows:

    a. Defendants violated § 1692b of the FDCPA by Green Square calling and communicating with Plaintiff's son with no permissible purpose for doing so;

    b. Defendants violated § 1692b(2) of the FDCPA by Green Square calling Plaintiff's son and disclosing to Plaintiff's son that Plaintiff allegedly owes a debt;

    c. Defendants violated § 1692b(3) of the FDCPA by Green Square communicating with Plaintiff's son more than once without the exceptions of §1692b being available to it;

    d. Defendants violated § 1692c(b) of the FDCPA by Green Square communicating with Plaintiff's son in connection with the collection of the alleged debt without the exceptions of §1692b being available to it;

    e. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural

      consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Green Square engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

f. Defendants violated § 1692e of the FDCPA by Green Square's use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Green Square, at least, created the false impression on Plaintiff that Green Square was allowed to violate debt collection laws with impunity;

g. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Green Square, at least, created the false impression on Plaintiff that Green Square was allowed to violate debt collection laws with impunity; and

h. Defendants violated § 1692f of the FDCPA by Green Square's use of unfair or unconscionable means to collect or attempt to collect any debt when Green Square engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, JEFFREY KORHONEN, respectfully requests judgment be entered, both jointly and severally, against Defendants, GREEN SQUARE COMPANY LLC and JOEY M. YOUNGER, for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

44. Any other relief that this Honorable Court deems appropriate.

DATED: December 3, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr, IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff